UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TAUHID CHOUDHURY on Behalf of Himself and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. _____ JURY TRIAL DEMANDED |
| JAGUAR COURIER SERVICE, INC. and EDDIE WATSON, | § § § | |
| Defendants. | § § | |

PLAINTIFF'S ORIGINAL COMPLAINT
COLLECTIVE ACTION & JURY DEMAND

## I.      SUMMARY

1.      Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."  29 U.S.C. § 202(a).  To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees.  29 U.S.C. §§ 206, 207.  These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering away the wages rightfully earned by their employees.

2.      Plaintiff Tauhid Choudhury and the employees he seeks to represent ("Class Members") are current or former non-exempt employees of Jaguar Courier Service, Inc. and Eddie Watson (collectively "Defendants") who worked as drivers within the last three (3) years. Defendants knowingly and deliberately failed to compensate Plaintiff and Class Members based on the time and half formula in the FLSA.  Regardless of the amount of time worked in a week,

1

Defendants only compensated their drivers based a set fee schedule for each delivery made, despite commonly requiring their drivers to work well in excess of forty (40) hours a week.

3.      Defendants denied Plaintiff and Class Members their legal compensation by wrongfully classifying them as independent contractors.

4.      Consequently, Defendants' compensation policy violates the FLSA's mandate that non-exempt employees, such as Plaintiff and Class Members, be compensated at one and one-half times their regular rate of pay for each hour worked over forty (40) in a week.

5.      Due to the hours Defendants required Plaintiff and Class Members to work, their effective hourly rate dropped below the minimum wage, also in violation of the FLSA.

6.      Plaintiff seeks to recover, on behalf of himself and the Class Members, all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

7.      Plaintiff also prays that the class of similarly situated drivers be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt into this litigation.

## II.      SUBJECT MATTER JURISDICTION AND VENUE

8.      This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b).

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District, including many of the wrongs herein alleged. In particular, Plaintiff made some his deliveries in this district while employed by Defendants.

10.     Also, venue is proper in this district because defendants reside in this district since they are subject to this court's personal jurisdiction.  28 U.S.C. §§ 1391(b)(1), 1391(c)(2).

11.     Defendants are subject to specific personal jurisdiction in this venue in accordance with 28 U.S.C. § 1391(d), because this cause of action arose from or relates to the contacts of Defendants with the Eastern District.  Defendants solicited delivery jobs from the Eastern District of Texas and Plaintiff would deliver products in the Eastern District of Texas for Defendants.  This claim centers on Plaintiff's delivery jobs, some of which took place in the Eastern District of Texas.  Moreover, Plaintiff resides in this district and Defendants actively employed him while he resided in this district. This cause of action arises out of Defendants' conduct with an employee who resides in this district.

12.     Defendants are subject to general personal jurisdiction in accord with 28 U.S.C. §§ 1391(d), because Defendants have continuous and systematic contacts with this venue. Defendants solicited delivery jobs from the Eastern District of Texas, Defendants directed Plaintiff and Class Members to drive in this District, Defendants employed Plaintiff a resident of this District, Defendants communicated with Plaintiff via telephone and mail in this District, Defendants' took advantage of the laws and privileges of this District, the Plaintiff resides in this District, and the evidence to this dispute is in this District.  This claim centers on Plaintiff's delivery jobs, some of which took place in the Eastern District of Texas.

13.     Moreover, this courts exercise of jurisdiction will not offend traditional notions of fair play and substantial justice.

### III.     PARTIES AND PERSONAL JURISDICTION

14.     Plaintiff Tauhid Choudhury is an individual currently residing in Collin County, Texas.  Collin County is one of the counties covered by the Eastern District of Texas.  His written consent to this action is attached hereto as Exhibit "A."

15.     The Class Members are all deliver drivers employed by Defendant within the last three years.

16.     Defendant Jaguars Courier Service Inc. is a for-profit corporation organized under the laws of Texas.  This Defendant may be served process through its registered agent Eddie Watson at 12000 Ford Road, Suite 130, Dallas, Texas 75234.  Defendant Jaguars Courier Service Inc. does business in this state under the assumed name Jaguars Logistics.

17.     Defendant Eddie Watson is the president and a director of Defendant Jaguar Courier Service.  Defendant Watson may be served process at his business address 12000 Ford Road, Suite A130, Dallas, Texas 75234.

18.     At all times material to this action, Defendant Eddie Watson exercised operational control over the terms and conditions of Plaintiff's and Class Members' employment, including their classification as independent contractors.  Watson is a statutory employer under the FLSA because he managed the day to day affairs of the company, oversaw the payroll, was actively involved in the decision to misclassify delivery drivers as independent contractors and enforced this policy or oversaw the enforcement of this policy.

19.     This court has personal jurisdiction over Defendants because they are Texas residents.

## IV.     FLSA COVERAGE

20.     At all material times, Defendants have been an employer within the meaning of the FLSA.  29 U.S.C. § 203(d).

4

21.    At all material times, Defendants have been an enterprise in commerce within the meaning of the FLSA.  29 U.S.C. § 203(r).

22.    At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA because Defendants have had and continue to have employees engaged in commerce.  29 U.S.C. § 203(s)(1).

23.    Defendants enjoy an annual gross business volume in excess of $500,000 and have likewise done so in the three years prior to the filing of this complaint.

24.    At all material times, Plaintiff was an employee who engaged in commerce or in the production of goods for commerce as required by the FLSA.  29 U.S.C. §§ 206-207.

## V.    FACTS

25.    Defendant Jaguar Courier Service Inc. provides time sensitive pick-up and delivery services to a wide variety of businesses.  Defendant hires delivery drivers to hand deliver, among other things, legal documents and contracts, engineering drawings, and medical records.  Some deliver drivers are called upon to deliver medical specimens and lab equipment.

26.    Defendants' corporate office is in Dallas, Texas but they serve business and individual clients in Dallas, Houston, San Antonio, and Oklahoma City.  Additionally, delivery drivers routinely handle deliveries originating in those cities to locations across the country.

27.    Instead of compensating their drivers by the hour, Defendants pay a set fee, according to a promulgated schedule, for each delivery.  Time spent traveling to receive a delivery goes uncompensated under this arrangement.

28.    Deliveries are tracked through a GPS receiver each driver is required to carry on his or her person.

29.     Deliveries are assigned through a handheld device. This equipment is owned and maintained by Defendants and issued to Plaintiff and Class Members.

30.     Defendants classify their drivers as independent contractors despite the economic reality that the delivery drivers are dependent upon Defendants for their livelihood.  Specifically:

    a.     Defendants controlled the manner in which deliveries were performed;

    b.     Delivery drivers' opportunity for profit and loss are entirely dependent on Defendants, not on their own managerial skill;

    c.     Delivery drivers have no investment or little investment in equipment or material;

    d.     Delivery drivers do not employ subordinate employees

    e.     The work of a delivery driver does not require any specialized skill, apart from driving a motor vehicle;

    f.     The services rendered by the delivery drivers are an integral part of Defendants' business;

    g.     Defendants required that the drivers wear uniforms and carry identification emblazoned with the company logo;

    h.     Defendants required that the drivers attend mandatory training events;

    i.     Defendants assigned so many deliveries to Plaintiff and Class Members (typically requiring between 55 and 70 hours a week) that, as a practical matter, Plaintiff and Class Members were prevented from working for any other company.

31.     Defendants classify their delivery drivers as independent contractors to avoid their obligation to compensate them pursuant to the overtime and minimum wage requirements of the FLSA.  This scheme permitted Defendants to reduce their tax liability, avoid paying worker's compensation insurance, and pass their operational costs to their work force.

32.     Although Plaintiff and Class Members were routinely required to work in excess of forty (40) hours a week, they were not compensated at the FLSA mandated time-and-a-half

rate for hours in excess of forty (40) each week.  Instead, regardless of the amount of hours worked, compensation remained tied strictly to the number and type of delivery.

## VI.      COLLECTIVE ACTION ALLEGATIONS

33.    Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as delivery drivers within the three (3) years preceding the filing of this Complaint to the present.

34.    Plaintiff has actual knowledge, through conversations with his fellow delivery drivers that a class of similarly situated Class Members exists who have been subjected to the same policies of Defendants with respect to improper classification as independent contractors and Defendants' subsequent failure to furnish overtime and minimum wage compensation.

35.    Class Members are similarly situated to Plaintiff in that they share the same duties and were victims of the same violations of the FLSA.

36.    Defendants classified its other delivery drivers as independent contractors.

37.    Defendants paid its other delivery drivers a fee for the services provided the same or similar way it paid Plaintiff.

38.    Defendants did not pay Plaintiff overtime pay.

39.    Defendants did not pay its other delivery drivers overtime pay.

40.    Defendants have operational procedures it requires its delivery drivers, including Plaintiff, to perform.

41.     Defendants require Plaintiff and other delivery drivers to track and record the same type of information when performing their delivery work.

42.    Defendants used the same dispatch system for Plaintiff as it did for other delivery drivers.

43.     Defendants' failure to pay overtime and minimum wage at the rates required by the FLSA results from generally applicable policies or practices and does not depend on personal circumstances of individual Class Members.

44.     The experience of Plaintiff, with respect to his employment classification and pay, is typical of deliver drivers across Defendants' business.

45.     The specific job titles or precise job responsibilities of each Class Member does not foreclose collective treatment because regardless of title or deviation in delivery jobs performed, Defendants universally classified its delivery drivers as independent contractors and failed to pay them overtime pay.

46.     Like Plaintiff, all Class Members are entitled to receive overtime and minimum wage.

47.     The claims of all Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct derived from Defendants' policy of misclassification that caused harm to all Class Members.

48.     The names and addresses of the Class Members are available from Defendants' records.  To the extent required by law, notice will be provided to these individuals by first class mail and email or by the use of techniques and a form of notice similar to those customarily used in representative actions.

49.     Although the exact amount of damages may vary among the individual Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simply formula.

50.     Defendants employ at least twenty-five (25) delivery drivers they classify as independent contractors.

51.     Defendants employ at least fifty (50) delivery drivers they classify as independent contractors.

52.     Defendants employ at least seventy-five (75) delivery drivers they classify as independent contractors.

53.     Defendants employ at least one hundred (100) delivery drivers they classify as independent contractors.

54.     Defendants employ at least 150 delivery drivers they classify as independent contractors.

55.     Defendants employ at least 200 delivery drivers they classify as independent contractors.

56.     As such, the class of similarly situated employees is properly defined as follows:

> **All current and former deliver drivers of Jaguar Courier Service Inc. in the three (3) years preceding the filing of this suit up to the date notice of this lawsuit is mailed.**

### VII.   CAUSES OF ACTION

COUNT I
VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO PAY OVERTIME
(COLLECTIVE ACTION)

57.     Plaintiff incorporates the preceding paragraphs by reference.

58.     This count arises from Defendants' violation of the FLSA for their failure to pay Plaintiff and Class Members overtime based on FLSA's time-and-a-half formula.

59.     For each hour worked in excess of forty (40) each week, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rate of pay.  29 U.S.C. § 207.

60.     By failing to pay overtime based on that formula, Defendants violated and continue to violate the FLSA.

61.     No exception contained in the FLSA, its implementing regulations, or recognized by any Court of the United States permits an employer in the position of Defendants to skirt its obligation to pay overtime to an employee situated in the position of Plaintiff and Class Members.

62.     Defendants' failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that their conduct did not violate the FLSA.  As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA.  29 U.S.C. § 255(a).

COUNT II
VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO PAY THE MINIMUM WAGE
(COLLECTIVE ACTION)

63.     Plaintiff incorporates the preceding paragraphs by reference.

64.     This count arises from Defendants' violations of the FLSA in connection with its failure to pay the minimum wage.

65.     In many weeks, Plaintiff worked a sufficient amount of hours on Defendants' pay-per-delivery system that his compensation fell below the minimum wage.  29 U.S.C. § 206(a).

66.     The compensation for the Class Members likewise, in some weeks, fell below the minimum wage.

67.     Defendants' failure to pay the minimum wage to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that their conduct did not violate the FLSA.  As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA.  29 U.S.C. § 255(a).

COUNT III
VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO MAINTAIN RECORDS
(COLLECTIVE ACTION)

68.     Plaintiff incorporates the preceding paragraphs by reference.

69.     Defendants failed to keep adequate records of Plaintiff's and Class Members'
work hour and pay in violation of the FLSA.  29 U.S.C. § 211(c).

70.     Federal law mandates that an employer is obligated to maintain three (3) years of
payroll records and other records containing, among other things, the following information,
pursuant to 29 C.F.R. §§ 516.2 and 516.5:

a.      The time of day and day of week an employee's work begins;

b.      The regular hourly rate of pay for any week in which overtime
compensation is due under 29 U.S.C. § 207(a);

c.      An explanation of the basis of pay by indicating the monetary amount paid
on a per hour, per day, per week, or other basis;

d.      The amount and nature of each payment, which, pursuant to 29 U.S.C. §
207(e) of the FLSA is excluded from the regular rate;

e.      The hours worked each workday and the total hours worked each
workweek;

f.      The total daily or weekly straight time earnings or wages due for hours
worked during the workday or workweek, exclusive of premium and
overtime compensation;

g.      The total premium for overtime hours;

h.      The total additions to or deductions from wages paid each pay period;

i.      The total wages paid each pay period.

71.     Defendants have not complied with the FLSA by failing to maintain such records
with respect to Plaintiff and Class Members.

72.     Owing to the inaccuracies in Defendants' records, Plaintiff and Class Members may meet their burden under the FLSA by proving that they performed work for which they were not compensated at the proper level by producing evidence to show the amount and extent of work as a matter of just and reasonable inference.  *See, e.g., Anderson v. Mt. Clemens Pottery, Co.*, 328 U.S. 680, 687 (1946).

## VIII.   <u>WAGE DAMAGES SOUGHT</u>

73.     Plaintiff and Class Members are entitled to recover their unpaid overtime premiums for all time worked in excess of forty (40) hours in a single week and their minimum wages for hours up to 40 in a workweek.  29 U.S.C. § 216(b).

74.     Plaintiff and Class Members are entitled to recover an equal amount of their unpaid overtime premiums and minimum wages as liquidated damages.   29 U.S.C. § 216(b).

75.     Plaintiff and Class Members are also entitled to recover his attorney's fees and costs, as required by the FLSA.  29 U.S.C. § 216(b).

## IX.      <u>JURY DEMAND</u>

76.     Pursuant to his rights under the Constitution of the United States, U.S. CONST. AMEND. VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## <u>PRAYER FOR RELIEF</u>

77.     For these reasons, Plaintiff respectfully requests that judgment be entered in favor of himself and the Class Members awarding them:

     a.     Overtime compensation for all hour works in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay and minimum wage damages;

     b.     An equal amount of their unpaid overtime and minimum wages as liquidated damages, as allowed under the FLSA;

c.      Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

d.      Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By:  /s/ Galvin B. Kennedy
       Galvin B. Kennedy
       gkennedy@kennedyhodges.com
       State Bar No. 00796870
       711 W. Alabama St.
       Houston, TX 77006
       Telephone: (713) 523-0001
       Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR
PLAINTIFF AND CLASS MEMBERS

OF COUNSEL:
Beatriz Sosa-Morris
State Bar No. 24076154
KENNEDY HODGES, LLP
711 W. Alabama Street
Houston, Texas 77006
Telephone: 713-523-0001
Facsimile:  713-523-1116
Bsosamorris@kennedyhodges.com